UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wendy A. Ramsay,
911 Front Street
Binghamton, NY 13905

    Plaintiff,

vs.

             CASE NO:

Mary E. Peters, Secretary
Office of the Secretary of Transportation
U.S. Department of Transportation
1200 New Jersey Ave., SE
Washington, D.C. 20590

    Defendant,

## COMPLAINT

NOW COMES Plaintiff, Ms. Wendy A. Ramsay (herein referred to as "Ramsay", "Plaintiff") by way of her attorney, Morris E. Fischer, Esq. and sues U.S. Department of Transportation (herein referred to as "DOT") for reasons therefore states, that at all times mentioned in this complaint:

## COMPLAINT AND REQUEST FOR JURY TRIAL

### Preliminary Statement

This is an action by Plaintiff Wendy Ramsay ("Ramsay", "Plaintiff") to redress actions taken individually and collectively by Defendant, the U.S. Department of Transportation ("DOT", "Agency") based on Title VII of the Civil Rights Act of 1964, and 42 U.S.C.S. § 2000e *et seq.*.

## Jurisdiction and Venue

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331 for claims arising under federal law, i.e., 42 U.S.C.S. § 2000e-3.

2.    There is an actual controversy between Plaintiff and Defendant.

3.    Plaintiff timely filed an EEOC administrative complaint. On October 20, 2005.

4.    On September 30, 2006, Defendant filed for summary judgment.

5.    On October 26-27, 2007, a hearing was held before the EEOC administrative judge.

6.    On December 10, 2007, the EEOC entered judgment for the Agency.  The Agency was required to issue a final order within forty (40) days of the EEOC judgment.

7.    Plaintiff has met all of the administrative prerequisites.

8.    Upon information and belief, Defendant, the Department of Transportation is a federal agency located in Washington, DC.

9.    At all times relevant to this case, Defendant, DOT has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

10.    The Plaintiff was hired on August 27, 2004 as a quality management system specialist.

11.    At the time, Plaintiff was a temporary employee, with an initial term to continue through November, 2005.

12.    Plaintiff was to act as the deputy to the program manager, Michael Lightbown.

13.    Plaintiff also was to succeed Mr. Lightbown in his position upon his retirement.

14.    The Plaintiff applied for the program manager position in June, 2005.

15.    Plaintiff made the certified list for the program manager position.

16.    In or about November, 2004, James D. Seipel became her first line supervisor.

17.  The Plaintiff's second line supervisor was Frank Paskiewicz.

18.  The Plaintiff's work history shows that she was rewarded by the Agency.

19.  Plaintiff was given a promotion and a raise on November 24, 2004.

20.  Plaintiff's supervisor, James D. Seipel, awarded her a cash bonus and a Special Accomplishment Award on April 27, 2005.

21.  On May 16, 2005, the Plaintiff informed her first line supervisor, James D. Seipel, that she was contemplating filing an Accountability Board complaint, which included charges of discrimination, in regard to behavior exhibited by Michael Lightbown.

22.  Mr. Seipel understood the Plaintiff to mean that she was filing a discrimination complaint based on gender discrimination.

23.  Thirty-seven (37) days later, Mr. Seipel fired the Plaintiff, citing poor performance, and the alleged failure on the part of the Plaintiff to follow an order to stop working on a video related to a training program.

24.  At the time, Mr. Lightbown had harassed Plaintiff on at least six (6) occasions.

25.  Mr. Seipel cited the Plaintiff's work on the website as one of the reasons she was terminated.

26.  This reason is pretextual, however, because overall Plaintiff's work on the website was satisfactory.

27.  Furthermore, this reason is also pretextual because Plaintiff was blamed for website work which was not her responsibility.

28.  Mr. Seipel also cited the Plaintiff's not following a director from her Division Manager, i.e., she was allegedly told to use screen shots for a training video and not to continue to work on the video, yet she continued to work on the video.

29.    This reason is pretextual because Mr. Seipel later said in his deposition held during the administrative litigation, on September 7, 2006, that prior to notifying the Plaintiff that she was terminated, he never asked her for screenshots.

30.    This deposition testimony further contradicted other testimony that he had an e-mail from Plaintiff that she had completed the screen shots, as well as his testimony that had Plaintiff delivered the screen shots on the day of her firing, the training program scheduled for that day could have gone forward.

31.    Furthermore, Ms. Roberta Katson accompanied Plaintiff while she continued to work on the video, yet Ms. Katson suffered no adverse job action.

32.    Finally, the reason is pretextual because Ms. Katson has stated she was present when the Plaintiff was specifically directed not to work on the video.

33.    Mr. Seipel has also cited one of the reasons for terminating Plaintiff was that, allegedly, Plaintiff's Quality Manual System (QMS) procedures as submitted were incomplete and contained a significant amount of errors, that Plaintiff was told to submit all seven of the QMS procedures and only submitted six, that the six submitted procedures were not in consistent format, that Plaintiff's punctuation was not understandable, and that the QMS procedures had to thereafter be rewritten.

34.    This reason is pretextual because Ms. Roberta Katson testified that see any errors in grammar, syntax, or anything of that nature in the Plaintiff's work.

35.    Rather, Ms. Katson admitted only that Plaintiff's work was "just not the right sort of writing style for the web, but then a lot of people I work with don't have that writing style."

36.    Ms. Katson further stated that as her and Plaintiff went over the first draft, Plaintiff "got it. [That] most of her stuff was good."

37.    Mr. Seipel admitted during his deposition that he wasn't aware whether Plaintiff's work had to be pared down more than is typical.

38.    Furthermore, Mr. Seipel has also cited Plaintiff's performance on the system level procedures as giving rise to her termination.

39.    This reason is also pretextual because the seven (7) procedures (there were originally ten (10)), each consisting of approximately six (6) pages, had an established due date which the Plaintiff met.

40.    These procedures were then reviewed, line by line, by a team of approximately twenty (20) people in January 2005.

41.    Furthermore, clear responsibility for these system level procedures was with Mr. Lightbown, with some delegated responsibility to the Plaintiff.

42.    That these procedures were mainly Mr. Lightbown's responsibilities further illustrates the pretextual nature of the reasoning Seipel gave for Plaintiff's firing, for while Plaintiff was discharged, after previously having been rewarded, for her work on these procedures, Mr. Lightbown suffered no adverse job action.

## FIRST CAUSE OF ACTION
## RETALIATION

Plaintiff hereby re-alleges and incorporates by reference all paragraphs.

43.    Title VII prevents an employer from taking adverse action against an employee for engaging in protected conduct, i.e., opposing illegal employment practices.

44.    A prima facie case of retaliation is established by proof that

    a.   The Plaintiff engaged in statutorily protected opposition or participation

     b. An adverse employment action occurred

     c. There was a causal link between the opposition or participation and the adverse employment action.

45.     By complaining about employment practices at the DOT, Plaintiff engaged in protected conduct.

46.     The DOT thereafter took adverse employment actions against plaintiff by firing her, believing she was filing with the EEOC.

47.     There was a causal link between the Plaintiff's protected conduct and the DOT's adverse employment action.

WHEREFORE, Plaintiff prays that she be awarded the following relief: (a) $300,000.00 for pain and suffering; (b) $2,000,000.00 for back pay; (c) attorneys' fees; and (d) any other relief the Court may deem proper.

Morris E. Fischer, Esq.
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(240) 235-7074 fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wendy A. Ramsay,
911 Front Street
Binghamton, NY 13905

        Plaintiff,

vs.

                                       CASE NO:

Mary E. Peters, Secretary
Office of the Secretary of Transportation
U.S. Department of Transportation
1200 New Jersey Ave., SE
Washington, D.C. 20590

        Defendant,

## **PLAINTIFF'S JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff by counsel herein serves her

jury demand upon Defendant.  Plaintiff herein demands a jury on all issues triable in her case, as

listed in her complaint.

Morris E. Fischer, Esq.
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(240) 235-7074 fax

7

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0710
TTY (202) 419-0702
FAX (202) 419-0701
1-800-669-4000

| | |
|---|---|
| Wendy A. Ramsay, <br>        Complainant, <br><br>             v. <br><br> Norman Y. Mineta, Secretary, <br> U.S. Dept. of Transportation, <br>        Agency. | ) EEOC No. 570-2006-00353X <br> ) Agency No. 2005-10693-FAA-02 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Date:    December 10, 2007 <br> ) |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated December 10, 2007, judgment in the above-captioned matter is hereby entered.   A Notice To The Parties explaining their appeal rights is attached.   Copies of the hearing transcripts and investigative record have been returned to the Agency.

It is so ORDERED.

For the Commission:

Kurt C. Hodges
Administrative Judge
Telephone: (202) 419-0710
Facsimile: (202) 419-0701

R STi Ramsay
C Ti 花 Decision

1

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing **ORDER & DECISION** within five (5) calendar days after the date it was sent *via* first class mail. I certify that on **December 10, 2007**, I caused the foregoing **ORDER & DECISION** to be sent *via* first class mail to the following:

Tami L. Wright, Director
Washington Regional Office
Departmental Office of Civil Rights
U.S. DOT
400 7ᵗʰ Street, Rm. 2104
Washington, DC 20590

Wendy A. Ramsay
911 Front Street
Binghamton, NY 13905

Morris E. Fisher, Esq.
Air Rights Center
4550 Montgomery Ave.
Suite 601 N
Bethesda, MD 20814

Raymond A. Martinez, Esq.
FAA
Office of the Chief Counsel
600 Independence Ave., SW
Suite 1E100
Washington, DC 20591

Kurt C. Hodges
Administrative Judge

2



Wendy A. Ramsay,                          ) EEOC No. 570-2006-00353X
                                          )
        Complainant,                      ) Agency No. 2005-10693-FAA-02
                v.                        )
                                          )
Norman Y. Minetta, Secretary,             )
U.S. Dept. of Transportation,             )
                                          )
        Agency.                           )
                                          )
                                          )
                                          )
                                          )

## DECISION

### I.    Procedural History

The Complainant filed a formal complaint on or about October 31, 2005, alleging that she was

subjected to harassment/hostile work environment which culminated in her termination on June 21, 2005,

in violation of the anit-retaliation provisions of Title VII of the 1964 Civil Rights Act, *as amended*,

(hereinafter referred to as "Title VII").  Pursuant to 29 C.F.R., §1614.109, a hearing in the above-

captioned matter was conducted on October 25-26, 2007 before the undersigned.

### II.   Issue

Whether Complainant was subjected to discrimination in reprisal for engaging in statutorily protected
activity when she was terminated from her Quality Management Specialist (QMS) Position, I Band,
Federal Aviation Administration (FAA), Aircraft Certification Service (ACC) in Washington, DC.[1]

### III.  Statement of Facts

1.    Complainant was initially hired on a temporary basis as a QMS with an initial term to

continue through November 2005.  Complainant was to act as the deputy to the program manager, Mr.

Michael Lightbown, Program Manager, and her primary responsibilities were to aid in the

---

[1]    Complainant also alleged that she was subjected to harassment/hostile work environment in retaliation for
engaging in statutorily protected activity.  During the administrative hearing, I granted summary judgment in favor
of the Agency on this issue on the grounds that the alleged incidents, drawing all justifiable inferences in
Complainant's favor, do not constitute objectively unreasonable behavior.  I also found that Complainant did not
provide evidence which created an inference that she was targeted for the alleged harassment because of her
protected activity.   *See* Hearing Transcript, Volume 1, pp. 7-8.

implementation of the International Standardization Organization (ISO) 9001 for the Aircraft Certification Service.

2.    Between November 2004 and June 21, 2005, Mr. James D. Seipel, Manager, GS-15, was Complainant's first line supervisor. Complainant did not report directly to Mr. Seipel regarding her work projects. Instead, Mr. Lightbown and Mr. Frank Paskiewicz, Manager of the FAA's Production and Airworthiness Division, assigned Complainant work. Mr. Paskiewicz was Complainant's second level supervisor.

3.    On or around November 24, 2004, Complainant was promoted from the J band series to the I band series.

4.    On or about April 27, 2005, Mr. Seipel awarded Complainant a cash bonus of $1,000.00 dollars and a special accomplishment award based in part on her work on the QMS procedures. (ROI, Exhibit F2d)

5.    On or about May 16, 2005, Complainant informed Mr. Seipel that she was contemplating filing an EEO complaint due to Mr. Lightbown's alleged discriminatory behavior. (Hearing Transcript, Vol. 1, p. 211)

6.    Mr. Seipel told Mr. Paskiewicz and Mr. Lightbown about Complainant's intention to file an EEO complaint. (Hearing Transcript, Vol. 1, p. 211)

7.    On June 16, 2005, Complainant was responsible for conducting a preview of QMS training before the Aircraft Certification Management Team (ACMT) comprised of Mr. Paskiewicz, the Service Director, Deputy Director and Division and Directorate managers. Complainant conducted an audiovisual presentation designed to automatically move screen shots (slides). However, the presentation did not run smoothly because some screen shots were illegible and the voice over was not synchronized with the screen shots. (Hearing Transcript, Vol. 1, p. 280, Vol. 2, pp. 317-318)

8.    On June 16, 2005, Mr. Paskiewicz met with Complainant, Mr. Lightbown and Ms. Katson, the Internet Program Manager, and informed them he was not convinced that the problems with

2

the audio visual portion of the QMS training could be corrected prior to the scheduled training date (June 21, 2005). Mr. Paskiewicz told Complainant to focus on completing the screen shots. (Hearing Transcript, Vol. 1, pp. 173-174, Vol. 2, pp. 316-321)

9.      On June 16, 2005, Mr. Lightbown e-mailed Complainant and told her to cut her losses and complete the screen shots prior to the scheduled training. Mr. Lightbown also told Complainant that as they went "down the road" they would keep working to get the "interactive presentation" up and running. (ROI, Exhibit F2J)

10.     On June 17, 2005, Mr. Paskiewicz e-mailed Complainant and asked her to provide a written update regarding the status of the QMS training screen shots prior to the end of her workday. Complainant did not respond to the e-mail as requested. (Hearing Transcript, Vol. 2, p. 320)

11.     On June 17, 2005, Mr. Seipel discussed the June 16, 2005, training incident with Mr. Paskiewicz. Mr. Seipel contacted the Human Resources Office to discuss options, including termination of Complainant's employment. (Hearing Transcript, Vol. 1, p. 280)

12.     On June 18, 2005, Complainant e-mailed Mr. Seipel and Mr. Paskiewiecz informing them that she had just finished the screen shots, but was not sure they were needed because it appeared she would have the finished video product on Monday. Complainant indicated that the screen shots could be used as a "back up" if there was a problem with the video. (Hearing Transcript, Vol. 1, p. 284, ROI, Exhibit F2J, p. 5)

13.     On June 18, 2005, Complainant e-mailed Mr. Lightbown and told him there were quite a few "last minute" things that needed to be done prior to the QMS training. Complainant represented with 100% certainty that she would have the appropriate videos for the training and that Tony Imparato, a consultant hired to work on the QMS training project, had the screen shots. She indicated that she would be out of the office on Monday morning and would pick up the videos that day at 3:00 p.m. (ROI, Exhibit F2J, p. 6)

3

14.     Complainant did not report for work on the morning of June 20, 2005. Mr. Paskiewicz was unaware whether Complainant intended to use the audio visual or the screen shots the next day at the QMS training. Mr. Siepel recommended to Mr. Paskiewicz that Complainant should be terminated and Mr. Paskiewicz concurred with the recommendation. (Hearing Transcript, Vol. 2, p. 325)

15.     On the morning of June 21, 2005, Mr. Siepel presented Complainant with a Notice of Termination effective July 9, 2005. Mr. Lightbown canceled the QMS training. (ROI, Exhibit F2E)

16.     On June 22, 2005, Complainant contacted an EEO counselor and alleged that her termination was discriminatory. Complainant filed a formal complaint of discrimination on or about October 31, 2005.

## IV.    Analysis

### (A)  Applicable Law

Without direct evidence, a Complainant alleging disparate treatment must initially establish at least a *prima facie* case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A complainant may establish a *prima facie* case of disparate treatment on the basis of a discriminatory factor by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in an adverse employment action. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978).

If the Complainant establishes a *prima facie* case, the burden of production falls to the Agency to articulate a non-discriminatory reason for the challenged action. *Burdine*, 450 U.S. at 253-254; *McDonnell Douglas*, 411 U.S. at 802.[2] If the Agency articulates a non-discriminatory reason through admissible evidence, any *prima facie* inference drops from the case. *Hicks*, 509 U.S. at 507, 510-511.

---

[2]     The function of placing the burden of production on the Agency to articulate a legitimate reason for the adverse action is to frame the factual issue with sufficient clarity so that the employee will have a full and fair opportunity to demonstrate pretext. An Agency meets its burden of production if it introduces evidence "sufficient to allow the trier of fact to rationally conclude that the Agency's action was not based on unlawful discrimination." *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248.

The Complainant then must prove by a preponderance of the evidence that the proffered explanations are a pretext for discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-253; *McDonnell Douglas*, 411 U.S. at 804. The Complainant retains, at all times, the ultimate burden of persuading the trier of fact that the Agency unlawfully discriminated against him.

In order to demonstrate a *prima facie* case of reprisal, Complainant must demonstrate that: (1) she engaged in statutorily protected activity; (2) that her employer was aware of her protected activity; (3) that subsequently her employer took adverse action against her; (4) the adverse action followed her protected activity within such period of time that the retaliatory motive can be inferred. *Downing v. USPS*, EEOC No. 01822326 (1983).

**(1)    Prima Facie Case**

Complainant testified during the administrative hearing that on or about May 16, 2005, she told Mr. Seipel that she intended to file an EEO complaint regarding Mr. Lightbown's alleged discriminatory behavior. Mr. Seipel testified that Complainant told him about her intention to file an EEO complaint and that he discussed the matter with Mr. Paskiewicz and Mr. Lightbown. Complainant also testified that Mr. Siepel issued her a Notice of Termination approximately five weeks following her statutorily protected activity. Based upon the foregoing evidence, I find that Complainant has demonstrated a *prima facie* case of reprisal.

**(2)    Agency Burden**

Once Complainant demonstrates a *prima facie* case of reprisal, the Agency has the burden of articulating legitimate non-discriminatory reasons for her termination. Mr. Paskiewicz testified that Complainant was terminated for three reasons. First, on May 16, 2005, he directed Complainant to cease working on the audio visual portion of the QMS training and to focus on the screen shots. However, Complainant sent an e-mail on May 18, 2005, indicating that she finished the screen shots, but she was not sure they would be needed. Mr. Paskiewicz testified that he was unsure of which training instrument Complainant intended to use during the QMS training and that she failed to appear for work the day

5

before the training. He also testified that Complainant did not produce the QMS training materials and that eventually the training was canceled.

Second, Mr. Paskiewicz testified that Complainant failed to adequately develop QMS procedures. Mr. Paskiewicz explained that Complainant was tasked with developing written QMS procedures, but the finished work product was difficult to read, failed to make sense, and contained incomplete sentences and punctuation errors. Mr. Paskiewicz also testified that Complainant's work project had to be assigned to a third party contractor assigned to work in the field that edited her work and submitted recommendations to her. Mr. Paskiewicz also testified that Complainant ignored the recommendations and resubmitted the work product with the same or similar problems that previously existed. Mr. Paskiewicz testified that Mr. Lightbown had to re-draft her work product and ultimately the Agency paid three individuals, Complainant, the contractor and Mr. Lightbown to perform the same task. (Transcript Vol. II, pp. 325-333)

Third, Mr. Paskiewicz testified that Complainant failed to create an adequate website. He explained that Complainant was tasked with creating the static pages (text) that would appear on an Agency website. Mr. Paskiewicz testified that Ms. Katson told him that the website Complainant created was not usable because it was difficult to read and eventually the web content she submitted had to be re-written before it could be posted. Ms. Katson testified that the problem with Complainant's website content stemmed from her writing style and that she made the site more complex than it needed to be. (Transcript Vol. I, pp. 173-174, Vol. II, pp. 333-334) Based upon the preceding evidence, I find that the Agency has articulated legitimate non-discriminatory reasons for Complainant's termination.

**(3)    Pretext**

Since the Agency has satisfied its burden of articulation, the Complainant must now demonstrate that the Agency's articulated reasons for her termination are pretextual. The Commission has held that Complainant may establish pretext by presenting evidence sufficient to establish either: (1) that a discriminatory reason more likely motivated the Agency; and/or (2) that the Agency's proffered

6

explanation is not worthy of credence.  Essentially, the fact finder must be persuaded by Complainant that the Agency's articulated reason was false and that its real reason was discrimination.  *See Ruffin v. Secretary of Navy,* EEOC Case No. 01A04063 (2001).

In the instant case, Complainant has proffered circumstantial evidence in order to prove that the Agency's articulated reasons for her termination are not worthy of credence.  Complainant testified that she informed Mr. Paskiewicz that the screen shots were completed and that they were available for use during the scheduled QMS training.  Complainant also testified that Mr. Paskiewicz never directed her to cease working on the audio-visual portion of the training and to focus solely on the screen shots.  However, I find Complainant's testimony on this point is not credible.  Mr. Paskiewicz, Mr. Siepel and Ms. Katson all testified credibly that Complainant continued to develop the audio-video training materials contrary to Mr. Paskiewicz' instructions.  I find that Complainant failed to rebut the witnesses' testimony on this point.  Also, both Mr. Paskiewicz and Mr. Siepel testified credibly that that they discussed the option of terminating Complainant's employment on June 17, 2005, because the training preview Complainant conducted one day earlier had gone poorly and they still did not know which training materials would be completed and available for use during the June 21, 2005, QMS training.  I also find that Complainant failed to provide evidence which rebutted the witnesses' testimony on this point.

Complainant also testified that she did not experience any performance problems in carrying out her assigned duties related to the QMS procedures.  Complainant testified that Mr. Lightbown signed off on the work she performed and that Mr. Seipel awarded her a special accomplishment award and cash bonus for her work on the QMS procedures.  However, Complainant also testified that Mr. Paskiewicz was unhappy with the final product due to grammatical errors.  (Transcript, Vol. I, p. 138)  I find that Complainant failed to provide specific evidence which rebutted Mr. Paskiewicz' detailed testimony regarding the grammatical errors found in Complainant's work product or her failure to correct such errors necessitating the involvement of two additional individuals and increased costs.

7

Complainant also testified that her work on the development of the website text was good and that Ms. Katson and others told her it was outstanding. Complainant testified that her work did not contain grammatical errors and that the only problem identified by the Agency was her style of writing. However, Mr. Paskiewicz testified credibly that Ms. Katson told him that the website was not usable because it was difficult to read. He also testified that Complainant's work eventually had to be re-done by someone else. Ms. Katson testified credibly that Complainant made the website more complex than it needed to be. I find that Complainant failed to produce specific evidence which rebutted Mr. Paskiewicz' or Ms. Katson's testimony regarding the usability of the website text she created.

Finally, I find that the short length of time between the unsuccessful QMS training preview and Complainant's termination (five days) proves that this incident was the overriding factor in Mr. Seipel's decision to recommend Complainant's termination. Other than the fact that the adverse action followed Complainant's statutorily protected activity, I find that Complainant failed to produce circumstantial evidence which demonstrated that she was terminated as a result of her EEO activity.

## IV.    **Conclusion**

I conclude that Complainant has not demonstrated by a preponderance of the evidence that she was terminated from her QMS position in reprisal for engaging in statutorily protected activity.

Date:  December 10, 2007

Kurt C. Hodges
Administrative Judge

8

## NOTICE TO THE PARTIES

*TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

*TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

9

*WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

### BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

### BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

### BY FACSIMILE:
Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

10

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Wendy A. Ramsay

**DEFENDANTS**

Mary E. Peters, Secretary
United States Department of Transportation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ 88888 _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ 11001 _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Morris E. Fischer, Esq.
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

O 1 U.S. Government
    Plaintiff

O 3 Federal Question
    (U.S. Government Not a Party)

⦿ 2 U.S. Government
    Defendant

O 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|                                          | PTF | DFT |                                                              | PTF | DFT |
|------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of this State                    | O 1 | O 1 | Incorporated or Principal Place of Business in This State    | O 4 | ⦿ 4 |
| Citizen of Another State                 | ⦿ 2 | O 2 | Incorporated and Principal Place of Business in Another State| O 5 | O 5 |
| Citizen or Subject of a Foreign Country  | O 3 | O 3 | Foreign Nation                                               | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| O A. *Antitrust* | O B. *Personal Injury/ Malpractice* | O C. *Administrative Agency Review* | O D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O E. *General Civil (Other)* | OR | O F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original    ○ 2 Removed    ○ 3 Remanded from    ○ 4 Reinstated    ○ 5 Transferred from    ○ 6 Multi district    ○ 7 Appeal to
Proceeding    from State    Appellate Court    or Reopened    another district    Litigation    District Judge
Court    (specify)    from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964 and 42 U.S.C.S. 2000e, et seq. Action is for retaliation.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** 2,300,000.00    Check YES only if demanded in complaint
**JURY DEMAND:**  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  April 3, 2008    SIGNATURE OF ATTORNEY OF RECORD  *Morris E. Fischer*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.